# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| SELECT PORTFOLIO SERVICING, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Docket No. 1:21-cv-00218-NT ) |
| CHIU KIN LEUNG a/k/a CHI KIN LEUNG and VANESSA I. CAYFORD f/k/a VANESSA GARIEPY, | ) ) ) *Title to Real Estate Involved* |
| Defendants. | ) ) |

## ORDER

Before me are two motions filed by the Plaintiff, Select Portfolio Servicing, Inc.: (1) a motion pursuant to Federal Rule of Civil Procedure 41 to voluntarily dismiss Defendant Chiu Kin Leung from this action (ECF No. 16); and (2) a motion pursuant to Federal Rule of Civil Procedure 55 for default judgment to be entered against Defendant Vanessa Cayford (ECF No. 18).

## BACKGROUND[1]

In 1992, Defendant Chiu Kin Leung purchased the Waterville property at issue from Derek Magee. The deed from Magee to Defendant Leung conveyed "lots 385,

---

[1] Because Defendant Cayford has defaulted, these facts are drawn from the allegations in the Complaint (ECF No. 1). "A defaulting party is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated." *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62–63 (1st Cir. 2002) (internal quotation marks omitted). Additional facts are derived from the exhibits attached to the Complaint, the motion to dismiss (ECF No. 16), and the motion for default judgment (ECF No. 18).

386, 387, 427, 428, and 429," which were depicted on a recorded plan.² The plan shows that the six lots are contiguous and together make up a corner parcel of land bordered on three sides by Hughey, Carver, and Yeaton Streets:



Compl. Ex. 1 (ECF No. 1-1) (highlighting added). Collectively, this six-lot parcel is referred to as 49 Yeaton Street, Waterville, Maine.

On August 6, 2001, Defendant Leung purportedly sold the 49 Yeaton Street property, including the residential structure on the property, to Defendant Vanessa Cayford (who was known as Vanessa Gariepy at the time). The deed from Defendant Leung to Defendant Cayford (the "**Leung Deed**"), however, expressly conveyed only five of the six lots—"386, 387, 427, 428, and 429"—even though Defendant Leung was "[m]eaning and intending . . . to convey the same premises described in a deed from

---

²     The Magee-to-Leung deed (ECF No. 1-2) is dated September 10, 1991, and it is recorded in the Kennebec County Registry of Deeds in Book 3977, Page 328. The plan (ECF No. 1-1) is recorded in Plan Book 8, Page 73.

Derek A. McGee to Chin Kim Leung dated 10/1/91 and recorded in the Kennebec County Registry of Deeds in Book 3977, Page 328." Compl. Ex. 3, at 2 (ECF No. 1-3). Due to a scrivener's error omitting Lot 385 from the list of lots being conveyed, the Leung Deed did not expressly convey Lot 385 to Defendant Cayford.

This oversight apparently went unnoticed for twenty years. In the meantime, in 2004, Defendant Cayford took out a mortgage on the 49 Yeaton Street property ("**Mortgage**"). The Mortgage she granted to GMAC Mortgage Corporation describes the property as being comprised of the same five lots—"386, 387, 427, 428, and 429"—listed in the Leung Deed.[3] Plaintiff Select Portfolio Servicing, Inc. claims to be the current owner of the Mortgage pursuant to a 2019 assignment from Ocwen Loan Servicing, LLC.

On August 5, 2021, the Plaintiff filed a five-count Complaint in this Court. Compl. (ECF No. 1). Counts 1 and 2 seek reformation of the Leung Deed based on mutual mistake and unilateral mistake. Count 3 seeks reformation of the Mortgage based on mutual mistake, and Count 4 seeks reformation of the Mortgage based on the unilateral mistake of the Plaintiff. Count 5 seeks to quiet title under 14 M.R.S. § 6651 et seq. as to any claim by Defendant Leung to the 49 Yeaton Street property. Defendant Cayford was served with the summons and Complaint on August 23, 2021. *See* ECF No. 5. On October 27, 2021, after she failed to respond, default was entered against Defendant Cayford. *See* ECF No. 9.

---

[3]   The Mortgage (ECF No. 1-4) is dated February 19, 2004, and it is recorded in the Kennebec County Registry of Deeds in Book 7843, at Page 265.

3

At the Plaintiff's request, the deadline for service of process on Defendant Leung was extended several times. *See* ECF Nos. 10–15. On May 31, 2022, the Plaintiff filed a motion to dismiss Defendant Leung. Mot. to Voluntarily Dismiss Def. Chiu Kin Leung a/k/a Chi Kin Leung (ECF No. 16). In the motion, the Plaintiff represents that Defendant Leung agreed to resolve the Plaintiff's claims against him by executing a corrective deed ("**Leung Corrective Deed**"). The Leung Corrective Deed, dated May 16, 2022 and recorded in the Kennebec County Registry of Deeds, was attached to the motion (ECF No. 16-1). The Leung Corrective Deed explains that its purpose "is to convey all of [Defendant Leung]'s right and title, if any, . . . in order to correct a mistake related to the title of [Select Portfolio Servicing, Inc.] and its borrower, Vanessa Gariepy." Leung Corrective Deed 1. It purports to do two things:

- It releases to the Plaintiff "any and all remaining interest [Defendant Leung] has in the [49 Yeaton Street property] . . . being lots 385, 386, 387, 427, and 429."[4]

- It corrects several scrivener's errors found in the original Leung Deed. Specifically, the Leung Deed "mistakenly omitted Lot 385" and "mistakenly spelled [Defendant Leung's] name as 'Chi Kin Leung' on the first page and 'Chin Kim Leung' on the second page."[5]

Leung Corrective Deed 1–2.

On June 15, 2022, the Plaintiff filed its motion for default judgment against Defendant Cayford. Mot. for Default J. as to Def. Vanessa I. Cayford f/k/a Vanessa

---

[4] The Leung Corrective Deed itself appears to contain a new scrivener's error as it omits Lot 428 from the list of lots in which Defendant Leung might have a remaining interest.

[5] I note that, while not expressly identified as corrections in the Leung Corrective Deed, the description of the real estate in the Leung Corrective Deed appears to fix two additional typographical errors in the original Leung Deed. In the paragraph beginning "[b]eing the same premises," it corrects "Derek A. McGee" to "Derek A. Magee" and corrects the date of "10/1/91" to "September 10, 1991." Leung Corrective Deed 1.

Gariepy ("**Pl.'s Mot. for Default J.**") (ECF No. 18). The Plaintiff asks that I enter default judgment on Count 3 of the Complaint and reform the Mortgage.[6] In the motion, the Plaintiff asserts that default judgment is appropriate because Defendant Cayford defaulted, and the undisputed evidence shows that the Mortgage should be reformed to include Defendant Cayford's interest in Lot 385. According to the Plaintiff, the parties intended for the Mortgage to encumber all of 49 Yeaton Street (including Lot 385), and it was only a mutual mistake—the scrivener's error in the Leung Deed—that caused Lot 385 to be left out of the Mortgage's encumbrance.

## LEGAL STANDARD

Where a default is entered because of the Defendant's failure to plead or otherwise defend, I take the facts stated in the complaint as true for liability purposes. *See Ortiz–Gonzalez v. Fonovisa,* 277 F.3d 59, 62–63 (1st Cir. 2002). "A plaintiff must nevertheless establish that on the law it is entitled to the relief it seeks, given the facts as established by the default." *United States v. Ponte*, 246 F. Supp. 2d 74, 76 (D. Me. 2003) (citing *Bonilla v. Trebol Motors Corp.,* 150 F.3d 77, 80 (1st Cir. 1998)).

## DISCUSSION

The Plaintiff provides some documentary evidence in support of its assertion that the scrivener's error in the Leung Deed was a mutual mistake that "carried over"

---

[6] The Plaintiff says that, following Defendant Leung's dismissal and the execution of the Leung Deed, Counts 1, 2, and 5 are moot, and Count 4 (seeking reformation of the Mortgage based on the unilateral mistake of Defendant Cayford) was pled as an alternative to the mutual mistake theory and does not need to be decided if I grant default judgment on Count 3.

5

to the Mortgage on the property. Pl.'s Mot. for Default J. 6. "A mutual mistake is one reciprocal and common to both parties, where each alike labors under the misconception in respect to the terms of the written instrument." *Baillargeon v. Est. of Dolores A. Daigle*, 2010 ME 127, ¶ 16, 8 A.3d 709 (quoting *Bryan v. Breyer*, 665 A.2d 1020, 1022 (Me. 1995)).[7] When either party to a deeded conveyance believes a mutual mistake occurred, they "may bring an action to reform the deed." *Strout v. Gammon*, 629 A.2d 43, 46 (Me. 1993). Likewise, "under Maine law, a court may reform a flawed mortgage in the event of mutual mistake by the parties." *In re Blais*, 512 B.R. 727, 735 (B.A.P. 1st Cir. 2014). The party seeking to reform "assumes a heavy burden" and must show by clear and convincing evidence that the parties proceeded under a mutual mistake of fact. *Strout*, 629 A.2d at 46 (citation omitted). Further, "[i]n order for a party to have standing to bring an action seeking to reform a deed, a party must have been a party or privy to the original deed . . . ." *Longley v. Knapp*, 1998 ME 142, ¶ 18, 713 A.2d 939 (citing *Jones v. Carrier*, 473 A.2d 867, 869 (Me. 1984)).

Here, it appears the Plaintiff has a privity issue that it must overcome before I would be able to grant default judgment of its reformation-due-to-mutual-mistake claim. The Plaintiff is a downstream mortgage holder that was not an original party to the Mortgage (or the Leung Deed) when it was executed in 2004; the Plaintiff did not come to hold the Mortgage until 2019. *See* Compl. ¶ 17. In support of its claim for

---

[7]     Maine law applies because this action has been brought pursuant to the Court's diversity jurisdiction. *See* Compl. ¶ 1; *Suero-Algarín v. CMT Hosp. HIMA San Pablo Caguas*, 957 F.3d 30, 39 (1st Cir. 2020) ("[F]ederal courts sitting in diversity apply state substantive law." (citation omitted)).

reformation, the Plaintiff provided evidence of the original Mortgage to GMAC Mortgage Corporation, *see* Compl. Ex. 4 (ECF No. 1-4), and the assignment of the Mortgage from Ocwen Loan Servicing, LLC to the Plaintiff, *see* Compl. Ex. 5 (ECF No. 1-5). But it failed to provide the Court with the intermediate "missing link"—the assignment of the Mortgage from GMAC Mortgage Corporation to Ocwen Loan Servicing, LLC. It appears from a search of the Kennebec County Registry of Deeds that such an assignment, dated September 22, 2016, was recorded in Book 12429, at Page 144, whereby GMAC Mortgage Corporation purportedly assigned its interest in the Mortgage to Ocwen Loan Servicing, LLC. I could perhaps take judicial notice of this assignment. *See* Fed. R. Evid. 201(b) ("The court may take judicial notice on its own" of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Burnett v. Ocean Props., Ltd.*, No. 2:16-cv-00359-JAW, 2018 WL 5316183, at *2 (D. Me. Oct. 26, 2018) ("Matters of public record, such as a deed recorded in a Registry of Deeds, can fall into second branch of Rule 201(b)"); *McKenna v. Wells Fargo Bank, N.A.*, Civil Action No. 10–10417–JLT, 2011 WL 1100160, at *1 n.6 (D. Mass. Mar. 21, 2011) (taking judicial notice of mortgage "because it is recorded in the . . . Registry of Deeds" and considering it in ruling on motion to dismiss).

That alone, however, would not solve the Plaintiff's privity issue. According to the assignment, the assignor is "Mortgage Electronic Registration Systems, Inc. ('MERS'), solely as nominee for GMAC Mortgage Corporation." Under Maine law, when MERS purportedly assigns a mortgage, "it grant[s] to [the assignee] only what

7

MERS possessed—the right to record the mortgage as nominee—because MERS could not have granted to another person or entity any greater interest in the mortgage than that enjoyed by MERS." *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 16, 96 A.3d 700. Since *Greenleaf*, courts have held that such a MERS assignment is insufficient to prove the ownership of a mortgage when the recipients of these assignments have introduced them to establish standing in foreclosure actions. *See, e.g.*, *Carrington Mortg. Servs., LLC v. Gionest*, No. 2:16-cv-00534-NT, 2020 WL 1303554 (D. Me. Mar. 19, 2020); *Bank of New York v. Dyer*, 2016 ME 10, 130 A.3d 966.

Although Defendant Cayford defaulted and the facts in the Complaint are thus established, the Plaintiff still must demonstrate "that on the law it is entitled to the relief it seeks." *Ponte*, 246 F. Supp. 2d at 76. Even assuming that a mutual mistake occurred when Lot 385 was omitted from the Mortgage, the Plaintiff has not shown that it is entitled to the relief it seeks—an order reforming the Mortgage—because the Plaintiff has failed to show that it is privy to the Mortgage and thus it has not established that it has standing to bring this reformation action. *See Jones*, 473 A.2d at 869. Without the Plaintiff establishing standing, not only can I not grant default judgment for the Plaintiff, but I must question whether I have jurisdiction over the case at all.

As the First Circuit has made clear, "standing is a prerequisite to a federal court's subject matter jurisdiction." *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016). "When a federal court concludes that it lacks subject matter

8

jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case." *Christopher v. Stanley-Bostitch, Inc.*, 240 F.3d 95, 100 (1st Cir. 2001) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) ("A final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it.")). And any orders relating to the merits of the action "are void if issued without subject matter jurisdiction." *Id.*

All of the claims brought by the Plaintiff relate to its ownership of the Mortgage on the property conveyed by the Leung Deed. But, thanks to *Greenleaf*, the Plaintiff has not established that it is in fact the owner of the Mortgage. The result of that "missing link" assignment—leading from GMAC Mortgage Corporation to Ocwen Loan Servicing, LLC to Plaintiff Select Portfolio Servicing, Inc.—is that the Plaintiff has failed to establish the standing needed to bring any of its claims. Because I lack jurisdiction, I cannot enter an order on either of the Plaintiff's motions.

The question then is what should be done. "Although a court may dismiss an action at its own instance" where it has detected a standing issue, "it must first afford the parties an opportunity to oppose the dismissal." *Preterm, Inc. v. Dukakis*, 591 F.2d 121, 134 (1st Cir. 1979); *see also Snyder v. Talbot*, 836 F. Supp. 26, 30 (D. Me. 1993). Accordingly, the Plaintiff has thirty days to show cause why this case should not be dismissed for failure to establish jurisdiction.

## CONCLUSION

For the reasons stated above, the Court **RESERVES RULING** on the Plaintiff's motion to dismiss Defendant Chiu Kin Leung (ECF No. 16) and the

9

Plaintiff's motion for default judgment against Defendant Vanessa Cayford (ECF No. 18). The Court orders that, on or before September 12, 2022, the Plaintiff shall show cause as to why this case should not be dismissed for lack of jurisdiction. If the Plaintiff fails to show cause, the Court will dismiss the matter.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 16th day of August, 2022.