# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| SELECT PORTFOLIO SERVICING, INC., <br><br> Plaintiff, <br><br> v. <br><br> VANESSA I. CAYFORD f/k/a VANESSA GARIEPY, <br><br> Defendant. | ) ) ) ) ) ) ) Docket No. 1:21-cv-00218-NT ) ) ) ) ) *Title to Real Estate Involved* ) ) |

## ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT VANESSA I. CAYFORD F/K/A VANESSA GARIEPY ON COUNT THREE OF PLAINTIFF'S COMPLAINT

This action affects the title to real estate located at 49 Yeaton Street, Waterville, Kennebec County, Maine (the "**Property**"). The Property is comprised of Lots 385, 386, 387, 427, 428, and 429 as shown on a plan of lots at Cool Street Heights Annex belonging to the A.F. Hutchinson Land Co., Inc., said plan being made by W.E. Branch, Surveyor, dated July 5, 1923 and recorded in the Kennebec County Registry of Deeds in Plan Book 8, Page 73 (the "**Plan**").[1]

Plaintiff Select Portfolio Servicing, Inc. (the "**Plaintiff**") brought this action to reform a deed conveying the Property from Chiu Kin Leung a/ka/ Chi Kin Leung ("**Former Defendant Leung**") to Defendant Vanessa Gariepy, now known as Vanessa Cayford ("**Defendant Cayford**"), which deed is recorded in the Kennebec

---

[1] I note that the recorded Plan itself says "Ernest W. Branch, Civil Engineer," but because the legal description in the relevant deeds and mortgage in this action all contain the language "said plan being made by W.E. Branch, Surveyor," I use the same descriptor.

County Registry of Deeds in Book 6581, Page 1 (the "**Gariepy Deed**"). Compl. (ECF No. 1). Specifically, the Plaintiff sought to reform the Gariepy Deed due to a mutual mistake in which Former Defendant Leung's interest in Lot 385 was mistakenly not expressly included in the conveyance.[2] Compl. ¶¶ 18–23.

The Plaintiff also sought to reform a mortgage encumbering Defendant Cayford's interest in the Property, which mortgage is recorded in the Kennebec County Registry of Deeds in Book 7843, Page 265 (the "**Mortgage**"). Compl. ¶¶ 26–30. The Mortgage was assigned to the Plaintiff by Ocwen Loan Servicing, LLC on January 25, 2019, and said assignment was recorded in the Kennebec County Registry of Deeds in Book 13138, Page 174. As the current holder of the Mortgage, the Plaintiff sought, in Count 3 of its Complaint, to reform the Mortgage due to a mutual mistake of the parties to the Mortgage, so that the legal description of the Property that is encumbered and secured by the Mortgage—contained in Schedule A/Exhibit A to the Mortgage—is amended to include Lot 385 according to the Plan.[3] Compl. ¶¶ 26–28.

---

[2]  In addition to expressly conveying Lots 386, 387, 427, 428, and 429 according to the Plan, the legal description in the Gariepy Deed also contains language conveying Lots 355 and 356 according to the Plan, followed by clarifying language excepting and reserving Lots 355 and 356 from the conveyance. As discussed below, the Mortgage being reformed contains the same legal description of the property encumbered as the Gariepy Deed. Accordingly, and although not a model of clarity, Lots 355 and 356 according to the Plan were never conveyed through the Gariepy Deed, were never encumbered by the Mortgage, and are thus not material to this Judgment and title to the Property at issue.

[3]  Counts 1, 2, and 5 of the Plaintiff's Complaint were rendered moot by the Court's dismissal of Former Defendant Leung. *See* ECF No. 26. Count 4 of the Plaintiff's Complaint sought to reform the Mortgage based on the unilateral mistake of Defendant Cayford. Count 4 was pled in the alternative to Count 3 and need not be decided because the Court is granting judgment in favor of the Plaintiff on Count 3, reformation of the Mortgage based on mutual mistake.

Defendant Cayford was served with the summons and Complaint on August 23, 2021. *See* ECF No. 5. After she failed to respond, default was entered against Defendant Cayford on October 27, 2021. Order (ECF No. 9).

While this action was pending, Former Defendant Leung executed two deeds conveying to the Plaintiff, among other things, any and all interest he had in Lot 385 as shown on the Plan. Said deeds are recorded, respectively, in the Kennebec County Registry of Deeds in Book 14460, Page 317 and in Book 14662, Page 259 (the "**Leung Corrective Deeds**"). Following execution and recording of the Leung Corrective Deeds, the Plaintiff filed a motion to dismiss Former Defendant Leung. Mot. to Voluntarily Dismiss Def. Chiu Kin Leung a/k/a Chi Kin Leung (ECF No. 16).

The Plaintiff also filed a motion for default judgment against defaulted Defendant Cayford. Mot. for Default J. as to Def. Vanessa I. Cayford f/k/a Vanessa Gariepy (ECF No. 18). I held a hearing on the motions on January 6, 2023 (ECF No. 25). I dismissed Former Defendant Leung from the litigation. *See* Oral Order (ECF No. 26). Defendant Cayford did not appear and has not opposed the Plaintiff's motion for default judgment against her. At the hearing, counsel for the Plaintiff addressed concerns raised by the Court. The Plaintiff has consented, acknowledged, and agreed that it conveys any and all interest that the Plaintiff has in the Property as a result of the Leung Corrective Deeds—including the portion consisting of Lot 385 according to the Plan—to Defendant Cayford provided that all of Defendant Cayford's interest in the Property—including the interest obtained from the Plaintiff through the Leung

Corrective Deeds—is encumbered, through reformation, by the Mortgage. *See* Proposed Order re: Mot. for Default J. (ECF No. 27).

I have considered the evidence and memoranda submitted by the Plaintiff in support of its motion for default judgment. Based on the foregoing and pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, the Plaintiff's motion for default judgment against Defendant Cayford on Count 3 of the Complaint is hereby **GRANTED**.

It is further ORDERED that the Plaintiff's interest in the Property obtained through the Leung Corrective Deeds—said deeds being recorded in the Kennebec County Registry of Deeds in Book 14460, Page 317 and in the Kennebec County Registry of Deeds in Book 14662, Page 259—is conveyed to and owned by Defendant Vanessa Cayford, formerly known as Vanessa Gariepy,

It is further ORDERED that the Mortgage is hereby reformed, *nunc pro tunc*, due to the mutual mistake of the parties to the Mortgage, so that the legal description of the Property encumbered and secured by the Mortgage, contained in Schedule A/Exhibit A to the Mortgage, is amended to include Lot 385 as shown on the Plan.[4] Specifically, the Mortgage is reformed so that the first full paragraph in the legal description of the Property encumbered/secured by the Mortgage, contained in Schedule A/Exhibit A to the Mortgage is amended to read:

> A certain tract or parcel of land, with the buildings thereon, situated in Waterville, County of Kennebec, State of Maine, being Lot Nos. 355, 356,

---

[4] The Plan is indexed at Plan Book 8, Pages 72 and 73, of the Kennebec County Registry of Deeds. The lots at issue in this litigation are shown on Plan Book 8, Page 73, in the Kennebec County Registry of Deeds.

4

385, 386, 387, 427, 428, and 429 according to a plan of lots at Cool Street Heights Annex belonging to the A.F. Hutchinson Land Co., Inc., said plan being made by W.E. Branch, Surveyor, dated July 5, 1923 and recorded in the Kennebec County Registry of Deeds in Plan Book 8, Page 73.

A separate judgment shall enter.

SO ORDERED.

/s/ Nancy Torresen<br>United States District Judge

Dated this 26th day of January, 2023.